430 F.2d 1310
 Irene RAGUS, Individually and as Next Friend of her Minor
Children, Donna Gale Ragus, Alan Duane Ragus and
Terri Annette Ragus, Plaintiffs-Appellees,
v.
SOUTHERN PACIFIC COMPANY, Defendant-Appellant.
 No. 29655 Summary Calendar.*
*Rule 18, 5th Cir., See Isbell Enterprises, Inc
v.
Citizens Casualty Co. of New York, et al., 5th Cir., 1970,
 
 431 F.2d 409, Part I.
 United States Court of Appeals, Fifth Circuit.
 Aug. 25, 1970, Rehearing Denied Sept. 25, 1970.
 James C. Watson, Keys, Russell, Watson & Seaman, Corpus Christi, Tex., for defendant-appellant.
 Hubert L. Stone, Jr., Curtis Dyer, Stone, Luther & Dyer, Corpus Christi, Tex., for plaintiffs-appellees.
 Before THORNBERRY, MORGAN and CLARK, Circuit Judges.
 PER CURIAM:
 
 
 1
 This diversity case originated as a death action growing out of a collision between a train and an automobile. Mr. Guy Ragus, Jr. was killed when the automobile he was driving collided with a Southern Pacific Company train at a crossing near Rachal, Texas. The widow and minor children of Mr. Rogers instituted suit for their losses resulting from his death in the accident. The jury found in favor of plaintiff wife and children in their suit, and awarded damages totaling $174,000 against Southern Pacific. The district court entered judgment on the verdict returned by the jury, and the railroad appeals.
 
 
 2
 In its brief, appellant raises three points: (1) That the district court erred in overruling appellant's motion for instructed verdict, objection to the court's charge, and motion for judgment notwithstanding the verdict of the jury; (2) that the verdict of the jury and the judgment of the district court is not supported by the evidence; (3) that the court erred in permitting into evidence over the objection of appellant certain testimony of appellees' expert witness.
 
 
 3
 We have carefully examined each of the appellant's contentions in the light of the record to determine whether any error was committed that would require reversal of the judgment. Having found no error, we affirm the judgment of the trial court.
 
 
 4
 Affirmed.